IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

MAE WEST HONESTY,

               Plaintiff,

      v.

BAYHEALTH MEDICAL
CENTER INC.,

          Defendant.

Civil Action No. 26-665-CFC

---

## MEMORANDUM ORDER

WHEREAS Plaintiff initiated this case with the filing of a Complaint in the Superior Court of Delaware on April 30, 2026, D.I. 1-1 at 4;

WHEREAS Defendant says it was served with a copy of the Complaint on May 11, D.I. 1 ¶ 2; D.I. 1-3 ¶ 2; D.I. 6 ¶ 3; *see also* D.I. 1-2 (Sheriff's Return stating the Sheriff served the Summons and Complaint on May 11);

WHEREAS the Superior Court had jurisdiction over the case;

WHEREAS Defendant's deadline to serve an answer to the Complaint was on June 1, *see* Del. Super. Ct. R. Civ. P. 12(a) ("A defendant shall serve an answer within 20 days after service of process, complaint and affidavit, if any, upon that defendant"); Del. Super. Ct. R. Civ. P. 6(a) ("The last day of the period so computed shall be included, unless it is a . . . Sunday, . . . in which event the period shall run until the end of the next day on which the office of the Prothonotary is

open."); *see also* D.I. 1-3 ¶ 2 (Defendant stating the June 1 deadline); D.I. 1-3 at 11 (same); D.I. 6 ¶ 3 (same);

WHEREAS on May 28, Plaintiff informed Defendant of her opposition to Defendant's May 27 request for a thirty-day extension of the answer deadline and stated that Defendant "has not engaged in any settlement discussions with her so far," D.I. 1-3 at 3, 8, 10–11;

WHEREAS on June 1, Defendant filed in the Superior Court a Motion to Extend Deadline to Answer or Otherwise Respond to the Complaint, D.I. 1-3;

WHEREAS Defendant waited four weeks after service of the Complaint and one week after its answer deadline then removed the case to this Court on June 8, D.I. 1;

WHEREAS Defendant's current deadline to answer or present other defenses or objections to the Complaint is June 15, *see* Fed. R. Civ. P. 81(c)(2) ("After removal . . . [a] defendant who did not answer before removal must answer or present other defenses or objections . . . within . . . 7 days after the notice of removal is filed."); 6.12.26 Oral Order (denying Defendant's Motion for an Extension of Time to Answer or Otherwise Respond to the Complaint);

WHEREAS I can think of no good reason that would explain Defendant's decision to remove the case to this Court; and

2

WHEREAS removal of this case by Defendant caused delay and increased the burden and cost on Plaintiff to litigate this matter;

NOW THEREFORE, at Wilmington on this Fifteenth Day of June in 2026, it is HEREBY ORDERED that:

1. Trial will be held in this case on December 14, 2026 or on the earliest date that Plaintiff desires that the Court can accommodate.

2. **Discovery will begin immediately and will not be stayed or delayed pending the resolution of any pretrial motions**.

3. An in-person scheduling conference pursuant to Fed. R. Civ. P. 16(b) will be held on Friday, June 26, 2026 at 3:00 p.m. in Courtroom 4B.

4. The parties shall confer about scheduling and discovery limitations, and attempt to reach agreement.  The parties shall use as a basis for discussion the Court's "Rule 16 Scheduling Order for Non-Patent Cases" (revised on May 1, 2026), available on the Court's website.

5. No later than 48 hours before the scheduling conference, counsel for Defendants shall file on behalf of both sides a proposed scheduling order using the "Rule 16 Scheduling Order for Non-Patent Cases" form.  If the parties have no disputes about the scheduling order, the Court will not require the parties to appear at a conference.

6. The parties are reminded that Exhibit A must be filed with the Proposed Scheduling Order.  The parties are further ordered to list in Exhibit A the due dates for any reply briefs.

7. The parties shall direct any requests or questions regarding the scheduling or management of this case to the Court's Case Manager at (302) 573-6129.

_____
CHIEF JUDGE

3